UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WARREN, #233912,

    Plaintiff,

                            CASE NO. 2:15-CV-13703
v.                           HONORABLE DENISE PAGE HOOD

MICHAEL A. GOINES, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    INTRODUCTION**

Michigan prisoner/parolee Kenneth Warren ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the validity of his 2014 parole revocation.[1] Specifically, he asserts that his parole revocation and return to state custody violated double jeopardy principles because he was acquitted of criminal charges arising from the same incident. Plaintiff names Parole Agent Michael A. Goines, Supervisor John J. Remillet, Area Manager James B. Robertson, Michigan Parole Board Violation Unit Specialist Heather

---

[1] Plaintiff was re-released on parole on October 15, 2015 and currently resides at the Detroit Reentry Center. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=233912.

Attar, Referee John Doe, Detroit Police Officer Darrell Dawson, and Attorney Theodore Johnson as the defendants in this action. He sues them in their individual capacities and seeks monetary damages. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

## II.  DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he was deprived of a right, privilege, or immunity secured by the federal

Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff's complaint is subject to dismissal. As noted, Plaintiff challenges his parole revocation in his complaint – essentially asserting that his constitutional right to be free from double jeopardy was violated because he was acquitted of criminal charges arising from the same incident. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a prisoner challenging a condition of imprisonment. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Since Plaintiff contests the parole revocation decision, however, he actually seeks habeas corpus relief because such a claim concerns the validity of confinement. Ruling on the claim raised would necessarily imply the invalidity of the parole revocation decision and the additional time that Plaintiff spent in state custody. Such claims are not properly brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254).

4

This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

The United States Supreme Court has affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Because Plaintiff's challenge to his parole revocation would necessarily imply the impropriety of his confinement, and since that decision has not been overturned or otherwise declared invalid, his complaint contesting that decision must be dismissed.

The Court is aware that a state prisoner may maintain a § 1983 action for procedural challenges to a parole hearing where success in the action would not necessarily call for an immediate or speedier release from custody. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007). However, the factual allegations in Plaintiff's complaint go to the propriety of the parole revocation decision itself such that ruling in his favor would necessarily demonstrate the invalidity of his incarceration. Such claims are barred by *Heck*. *See, e.g., Norwood v. Michigan Dep't of Corrections*, 67 F. App'x 286, 287 (6th Cir. 2003); *Bolden v. Michigan Dep't of Corrections*, No. 2:10-CV-13561, 2010 WL 4609140, *2 (E.D. Mich. Nov. 5, 2010); *Bolden v. Holmes, et al.,* No. 2:09-CV-

11020, 2009 WL 937683, *1-2 (E.D. Mich. April 6, 2009). Plaintiff has not shown that the parole revocation decision has been reversed or otherwise declared invalid. His complaint must therefore be dismissed.

Even if Plaintiff's complaint is not barred by *Heck*, it is still subject to summary dismissal for lack of merit. Plaintiff sues defense attorney Theodore Johnson alleging that he failed to properly represent him in his parole revocation proceedings. It is well-settled, however, that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under 42 U.S.C. § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Because Theodore Johnson is not a state actor subject to suit under § 1983, the complaint against him must be dismissed.

Plaintiff's complaint against all of the defendants is subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff's civil rights complaint challenging his parole revocation is based upon a perceived violation of his right to be free from double jeopardy. The Double Jeopardy Clause prevents an individual from being retried for the same offense after a prior acquittal or conviction or from receiving multiple punishments for the same offense. *North*

*Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause does not preclude prosecution for conduct that also forms the basis for revocation of parole. *See United States v. DiFrancesco*, 449 U.S. 117, 137 (1980) (stating that there is "no double jeopardy protection against revocation of probation and the imposition of imprisonment"); *Wilson v. Mitchell*, 61 F. App'x 944, 946-47 (6th Cir. 2003) (revocation of parole for certain conduct after a hearing does not preclude the state from pursuing criminal charges based on same conduct); *accord Moor v. Palmer*, 603 F.3d 658, 660 (9th Cir. 2010); *United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002); *United States v. Hanahan*, 798 F.2d 187, 189 (7th Cir. 1986). A parole revocation hearing is not part of a criminal proceeding; it is an administrative procedure to determine whether a parolee should be deprived of conditional liberty for failure to observe parole conditions. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *United States v. Miller*, 797 F.2d 336, 340-41 (6th Cir. 1986). Revocation of parole is deferred punishment for a previously imposed offense such that double jeopardy does not apply to such proceedings. *See United States v. Lester*, 76 F.3d 380, 1996 WL 28970, *2 (6th Cir. 1996) (citing *United States v. Clark*, 984 F.2d 319, 320 (9th Cir.1993); *United States v. Marmolejo*, 915 F.2d 981, 983 (5th Cir.1990)). Simply stated, double jeopardy principles were neither implicated nor violated by the revocation of Plaintiff's parole even though he was acquitted of criminal charges arising from the same incident. Plaintiff fails

to state a claim upon which relief may be granted under § 1983 in his pleadings and his complaint must be dismissed.

## III.  CONCLUSION

The Court concludes that Plaintiff's complaint is barred by *Heck*, that defendant Johnson is not a state actor subject to suit under § 1983, and that Plaintiff fails to state a claim upon which relief may be granted in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2).  The Court also concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

      **IT IS SO ORDERED**.

      s/Denise Page Hood
      DENISE PAGE HOOD
      UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2015, by electronic and/or ordinary mail.

      S/LaShawn R. Saulsberry
      Case Manager